UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| PEOPLE'S UNITED BANK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | )      Civil Action No. |
| | ) |
| SALEM FIVE CENTS SAVINGS BANK, | ) |
| | ) |
| Defendants. | ) |

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

1.      The plaintiff People's United Bank ("People's") brings this action for declaratory relief to establish the rights of People's under a Loan Participation Agreement to which it is a party with the defendant Salem Five Cents Savings Bank ("Salem Five"). A dispute currently exists between People's and Salem Five as to the rights of each with respect to any extension of the maturity date under the loans that are the subject of the Loan Participation Agreement.  People's also seeks damages for Salem Five's breach of the covenant of good faith and fair dealing.

## PARTIES

2.      The plaintiff People's is a federally chartered stock savings bank headquartered in Bridgeport, Connecticut.  People's is a citizen of Connecticut.  In 2010, People's acquired LSB Corporation and its subsidiary, River Bank.  People's is the successor by merger to River Bank's interest in the Participation Agreement.

3.      The defendant Salem Five is a bank headquartered in Salem, Massachusetts.  In 2012, another bank, Stoneham Savings Bank, began operating as a division of Salem Five's parent company.  Salem Five is the successor to Stoneham

Savings Bank's interest in the Participation Agreement.  Salem Five is not a citizen of Connecticut.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1332 (diversity of citizenship) and 28 U.S.C §2201 (declaratory judgment act).  Venue within this District is proper under 28 U.S.C. §1391.

## FACTS

5.      On or about August 9, 2009, Stoneham Savings Bank, currently a division of and predecessor to Salem Five, entered into a Loan Participation Agreement with River Bank, predecessor to People's ("Loan Participation Agreement").  A true and accurate copy of the Loan Participation Agreement (with redactions) is attached hereto as Exhibit A.

6.      The Participation Agreement relates to "that certain Note dated August 19, 2009, made by [the Borrower] to [Salem Five] (such Instrument, as it may [] be amended or otherwise modified from time to time, being herein called the 'Note'), which Note evidences the loan (the 'Loan') being made by [Salem Five] to the Borrower."  See Exhibit A, ¶(a).

7.      Pursuant to the Participation Agreement, Salem Five is the Lender and People's is the Participant.  People's participation share in the Loan is 40%.

8.      The current outstanding Loan balance is approximately $3,346,229.61, and People's share is approximately $1,338,491.83.

9.      Pursuant to the Participation Agreement, paragraph 7, People's bargained for the right to exercise some discretion in approving any extensions of the maturity date

of the Note.  Specifically, paragraph 7 of the Participation Agreement provides, in part, that, "prior to an event of default" by the Borrower under the Loan, Salem Five may not without People's prior written consent "(ii) extend the maturity date of the Note."   See Exhibit A, ¶7.

10.     The original maturity date of the Note was August 19, 2011.

11.     Since August 19, 2011, Salem Five has extended the maturity date of the Note multiple times.  The current maturity date of the Note is October 1, 2014.

12.     People's never expected to be indefinitely committed to the Loan. People's does not believe that the Loan Participation Agreement obligates it to be indefinitely committed to the Loan.

13.     In connection with prior extensions of the maturity date of the Note, People's notified Salem Five in writing that People's was not in favor of extensions of the maturity date of the Note and People's requested that Salem Five notify the Borrower to refinance the Loan or for Salem Five to find a participant other than People's.

14.      On or before July 14, 2014, People's notified Salem Five that People's would not approve any further extensions of the maturity date of the Note beyond October 1, 2014.

15.     On or about July 14, 2014, Salem Five notified People's that, if People's would not approve any long-term extension of the maturity date of the Note beyond October 1, 2014, pursuant to paragraph 7 of the Participation Agreement, Salem Five would exercise its rights under paragraph 8 of the Participation Agreement which entitles Salem Five, without People's consent or agreement to modify the substantive terms of the

Loan. Salem Five only has rights under paragraph 8 of the Participation Agreement if the Borrower has defaulted on its obligations under the Loan.

16.     The Borrower is not currently in default under the Loan.

17.     Because the Borrower is not currently in default under the Loan, Salem Five announced that it would not take any action to extend the maturity date of the Note beyond October 1, 2014 until after October 1, 2014, at which time the Borrower would be in default for failure to pay the Loan at maturity and, therefore, Salem Five believes it could exercise rights at that time under paragraph 8 of the Participation Agreement.

18.     Salem Five's understanding of the Loan Participation Agreement with respect to its ability to extend the maturity date would result in an indefinite commitment of People's to the Loan.

19.     People's and Salem Five are currently in disagreement as to whether the Participation Agreement allows Salem Five to take away People's consent which it has under paragraph 7 of the Participation Agreement in connection with approving any extensions of the maturity date by waiting until after the maturity date expires to impose a new maturity date under paragraph 8 of the Participation Agreement.

<u>COUNT I – Breach of the Covenant of Good Faith and Fair Dealing</u>

20.     People's repeats and incorporates by reference paragraphs 1 through 19 of this Complaint as if set forth herein in their entirety.

21.     The Participation Agreement is a contract between Salem Five and People's.

22.     The Participation Agreement, as a contract, contains an implied covenant of good faith and fair dealing that neither party would do anything that would deprive the other of the benefits of the bargain.

23.     People's bargained for the right in connection with paragraph 7 of the Participation Agreement to withhold consent to any extensions of the maturity date of the Loan.

24.     People's bargained for the right to extricate itself from the Loan at the maturity date.

25.     People's has already accepted several extensions of the maturity date of the Loan, but People's now desires to terminate its relationship with the Loan and with Salem Five at the current maturity date of October 1, 2014.

26.     Salem Five, by intending to wait until after the maturity date of the Note has passed to claim a default based on the failure of the Borrower to repay the Loan at maturity, intends to deprive People's of its rights, prior to the maturity date of the Note, to refuse to consent to any extension of the maturity date of the Loan.

27.     Salem Five, by depriving People's of its rights to receive the fruits of paragraph 7 of the Participation Agreement and other conduct, breached the covenant of good faith and fair dealing.

28.     As a direct and proximate result of the breach(es) of the covenant of good faith and fair dealing by Salem Five, People's has been damaged in an amount to be proven at trial.

<u>COUNT II – Declaratory Judgment</u>

29.     People's repeats and incorporates by reference paragraphs 1 through 28 of this Complaint as if set forth herein in their entirety.

30.     Pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201-2202, there exists an actual case or controversy between People's and Salem Five with respect to their rights to extend the maturity date of the Note.

31.     Pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201-2202, People's seeks a declaration that paragraph 7 and paragraph 8 of the Participation Agreement allow it to withhold consent from any extension of the maturity date of the Note.

32.     Pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201-2202, People's seeks a declaration that paragraph 8 of the Participation Agreement does not permit Salem Five to extend the maturity date of the Note without the consent of People's.

33.     Pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201-2202, People's seeks a declaration that, as of the maturity date of the Note, Salem Five must require the Borrower to refinance the Loan or Salem Five must pay People's its full participation share or find a participant other than People's to take over People's participation under the Participation Agreement.

34.     People's has a legally cognizable injury.

35.     The dispute between People's and Salem Five is substantial and concrete.

36.     The declaration sought herein will terminate the uncertainty or controversy that exists between the People's and Salem Five as to their rights under the Participation Agreement with respect to any extensions of the maturity date of the Note.

37.     All persons are parties who have a claim or interest which would be affected by the declaration sought herein.

WHEREFORE, the plaintiff People's United Bank respectfully prays that this Court:

i.      Enter judgment on Count I of the Complaint in favor of People's United Bank for the full amount of its damages as proven at trial;

ii.     Declare on Count II that paragraph 7 and paragraph 8 of the Participation Agreement allow People's United Bank to withhold consent from any extension of the maturity date of the Note; that paragraph 8 of the Participation Agreement does not permit Salem Five to extend the maturity date of the Note without the consent of People's United Bank; and that, as of the maturity date of the Note, Salem Five must require the Borrower to refinance the Loan or Salem Five must pay People's United Bank its full participation share or find a participant other than People's United Bank to take over People's United Bank's participation under the Participation Agreement; and

iii.    Grant such other and further relief as this Court deems appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**

PEOPLE'S UNITED BANK,

By its attorneys,


/s/ David C. Aisenberg
David C. Aisenberg, BBO#545895
Looney Cohen & Aisenberg LLP
33 Broad Street, 6th Floor
Boston, MA 02109
(617) 371-1050
daisenberg@lca-llp.com